# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **KURTIS MELCHER;** | ) | |
| **HENRY SEGURA,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:21-CV-00046 |
| | ) | |
| **TITLEMAX OF TEXAS, INC.;** | ) | |
| **NJC ASSET REPO LLC;** | ) | |
| **MVCONNECT, LLC** | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' AMENDED COMPLAINT

**COME NOW** the Plaintiffs, Kurtis Melcher and Henry Segura, in the above-styled cause and for their Complaint against the Defendants state the following:

## PARTIES

1. The Plaintiff, Kurtis Melcher is a resident and citizen of the state of Texas, Brazoria County, and is over the age of twenty-one (21) years.

2. The Plaintiff, Henry Segura is a resident and citizen of the state of Texas, Harris County, and is over the age of twenty-one (21) years.

1

3. The Defendant, TitleMax of Texas, Inc. ("TitleMax"), is a Delaware corporation with a principal place of business in Georgia and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district, and is registered to do business in Texas.

4. The Defendant, NJC Asset Repo LLC ("NJC Asset Repo"), is a Texas entity and was, in all respects and at all times relevant herein, doing business in the state of Texas. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Brazoria County, Texas and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

5. The Defendant, MVConnect, LLC d/b/a MVTrac ("MVTrac"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Texas. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Brazoria County, Texas and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiffs reside here.

## FACTUAL ALLEGATIONS

7. Upon information and belief, at some time before 2017, Defendant TitleMax held a lien/security interest on a 2005 GMC Yukon XL ("the Vehicle") in connection with a loan with a non-party.

8. The Vehicle was impounded by the City of Pasadena Police Department.

9. The City of Pasadena Police Department sent a First Notice of Impounded Vehicle to Defendant TitleMax on August 24, 2017.

10. The City of Pasadena Police Department sent Defendant TitleMax a Second Notice of Impounded Vehicle on September 8, 2017.

11. The Second Notice of Impounded Vehicle Notice informed Defendant TitleMax that if it failed to claim the Vehicle before the 30th day from the day of the notice then Defendant TitleMax would "[w]aive all right, title or interest" in the Vehicle and would consent to the sale of the Vehicle at public auction.

12. Defendant TitleMax failed to claim the Vehicle and the Vehicle was sold at auction.

13. This auction resulted in Defendant TitleMax losing its lien/security interest in the Vehicle.

14. At auction, the Vehicle was purchased by Plaintiff Henry Segura from the City of Pasadena Police Department.

15. A new Texas Certificate of Title was issued to Plaintiff Henry Segura without any liens or other encumbrances on December 6, 2017.

16. Plaintiff purchased the car to be used primarily by Plaintiff Kurtis Melcher and his family.

17. Plaintiff Melcher and his wife paid the registration fees on the Vehicle and used the Vehicle for personal use.

18. At some point thereafter, Santander contracted with Defendant MVTrac to take possession of the Vehicle based on an alleged security interest it had prior to the auction.

19. In turn, Defendant MVTrac contracted with Defendant NJC Asset Repo to physically take possession of the Vehicle.

20. On or about January 12, 2021, Plaintiff Melcher and a neighbor noticed a white SUV suspiciously stopping in front of Plaintiff Melcher's home a couple of times.

21. Sometime later that day, a tow truck operated by Defendant NJC Asset Repo drove by Plaintiff Melcher's home, then hooked up the Vehicle, and left with it.

22. Plaintiff Melcher's neighbor followed Defendant NJC Asset Repo's tow truck onto Pearland Parkway.

23. At this time, Plaintiff Melcher called Pearland Police Department to report the theft

of the Vehicle.

24. An officer with the Pearland Police Department talked with Plaintiff Melcher, the neighbor, and reviewed security camera footage obtained by the neighbor. The officer also confirmed there was no repossession reported to the Pearland Police Department related to the Vehicle.

25. Pearland Police Department investigated the incident and was able to track down Defendant NJC Asset Repo and the location of the Vehicle.

26. Pearland Police Department learned that Defendant NJC Asset Repo dropped the vehicle off at a third-party auction lot and no longer had possession of it.

27. Pearland Police Department eventually was able to get Defendants to return the Vehicle to Plaintiff Melcher.

28. On January 19, 2021, Defendants left the Vehicle left at the home of Plaintiff Melcher without notifying him.

29. Plaintiff Melcher noticed damage to the front and rear bumpers, a disconnected transmission cable, and a large scrape on his concrete driveway. Plaintiff contacted Pearland Police Department about this damage.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

30. The Plaintiffs adopt the factual averments and allegations hereinbefore as if fully set forth herein.

31. The Defendants was under a duty to not damage the Vehicle when it was in their control and possession.

32. The Defendants breached that duty by damaging the Vehicle.

33. As a proximate cause of Defendants' negligence, the Plaintiffs were deprived of the Vehicle, lost the use of their personal property, incurred monetary damages, and have suffered mental damages and the accompanying physical damages.

## COUNT TWO
## CONVERSION CLAIM AGAINST DEFENDANTS

34. The Plaintiffs adopt the averments and allegations hereinbefore as if fully set forth herein.

35. Plaintiffs owned and/or and had immediate possession of the Vehicle and personal property.

36. The Defendants acquired the Vehicle wrongfully.

37. The Defendants did not have a present and immediate right of possession of the Vehicle and/or the personal property at the time of repossession.

38. Without the Plaintiffs' consent, the Defendants intentionally deprived the Plaintiffs of their rightful possession of the Vehicle and exercised unlawful control over the Vehicle.

39. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the

Plaintiffs.

40. As a proximate cause of Defendants' conduct, the Plaintiffs were deprived of the Vehicle, lost the use of their personal property, incurred monetary damages, and have suffered mental damages and the accompanying physical damages.

## COUNT THREE
## FDCPA CLAIM AGAINST DEFENDANT NJC ASSET REPO LLC AND DEFEDANT MVTRAC

41. The Plaintiffs adopt the factual averments of all the above paragraphs hereinbefore as if fully set forth herein.

42. The Defendant NJC Asset Repo LLC and Defendant MVTrac engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

43. Defendants took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

44. As a proximate cause of Defendant's conduct, the Plaintiffs were deprived of the Vehicle, lost the use of their personal property, incurred monetary damages, and have suffered mental damages and the accompanying physical damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand a judgment against the Defendants as follows:

45. Compensatory and punitive damages against the Defendants;

46. Remedies available under the FDCPA, including statutory damages, costs, and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

47. Such other and further relief that this Court deems necessary, just and proper.

### PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

        /S/ JOHN C. HUBBARD
        JOHN C. HUBBARD
        Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jch-law.com

### Certificate of Service

I hereby certify that on this the 28th day of June 2021, the foregoing has been served on the following parties via the CM/ECF system or through USPS First Class Mail:

Jeffrey D. Anderson, Esq.
HOLLAND & KNIGHT, LLP
1100 Louisiana Street, Suite 4300
Houston, Texas 77002

NJC ASSET REPO LLC
LEGALINC CORPORATE SERVICES INC.
10601 CLARENCE DR. STE. 250
FRISCO, TX 75033

/S/ JOHN C. HUBBARD