CBL.14059

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| KURTIS MELCHER; and HENRY SEGURA; | § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. 3:21-CV-046 |
| V. | § § | |
| TITLEMAX OF TEXAS, INC.; NJC ASSET REPO LLC; and MVCONNECT, LLC.; | § § § § | |
| Defendants. | § | |

## DEFENDANT NJC ASSET REPO LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **NJC ASSET REPO LLC** ("**NJC**"), Defendant named in the above entitled and numbered cause, and files this its Original Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint [DKT #19], and for same would respectfully show unto the Court as follows:

## PARTIES

1. NJC lacks knowledge or information to form a belief about the truth of the factual allegations in Paragraph "1".

2. NJC lacks knowledge or information to form a belief about the truth of the factual allegations in Paragraph "2".

3. NJC lacks knowledge or information to form a belief about the truth of the factual allegations in Paragraph "3".

4. NJC admits it is a Texas entity doing business in the State of Texas. NJC denies the remaining allegations in Paragraph "4".

5. NJC lacks knowledge or information to form a belief about the truth of the factual allegations in Paragraph "5".

## JURISDICTION AND VENUE

6. NJC neither admits nor denies the allegations in Paragraph "6", as they consist of legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

7. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "7".

8. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "8".

9. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "9".

10. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "10".

11. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "11".

12. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "12".

13. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "13".

14. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "14".

15. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "15".

16. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "16".

17. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "17".

18. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "18".

19. NJC admits it entered into a contract with Defendant MVTrac to repossess the Vehicle in response to Paragraph "19".

20. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "20".

21. NJC admits it repossessed the Vehicle on January 12, 2021.

22. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "22".

23. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "23".

24. NJC lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph "24".

25. NJC admits it was contacted by the Pearland Police Department regarding the Vehicle. NJC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph "25".

26. NJC admits it dropped the Vehicle off at a third-party auction on January 12, 2021, and no longer maintained possession of the Vehicle. NJC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph "26".

27. NJC denies it returned the Vehicle to Plaintiffs. NJC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph "27".

28. NJC denies each and every allegation in Paragraph "28".

29. NJC denies any allegations of damages to the Vehicle or other property owned by Plaintiffs. NJC lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in Paragraph "29".

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

30. NJC, in response to Paragraph "30" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "29" of this Answer as though fully set forth herein.

31. NJC neither admit nor deny the allegations in Paragraph "31" as they consist of legal conclusions to which no response is required.

32. NJC denies each and every allegation in Paragraph "32".

33. NJC denies each and every allegation in Paragraph "33".

## COUNT TWO
## CONVERSION CLAIM AGAINST DEFENDANTS

34. NJC, in response to Paragraph "34" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "23" of this Answer as though fully set forth herein.

35. NJC denies each and every allegation in Paragraph "35".

36. NJC denies each and every allegation in Paragraph "36".

37. NJC denies each and every allegation in Paragraph "37".

38. NJC denies each and every allegation in Paragraph "38".

39. NJC denies each and every allegation in Paragraph "39".

40. NJC denies each and every allegation in Paragraph "40".

## COUNT THREE
## FDCPA CLAIM AGAINST DEFENDANT NJC ASSET REPO, LLC
## AND DEFENDANT MVTRAC

41. NJC, in response to Paragraph "41" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "40" of this Answer as though fully set forth herein.

42. NJC denies each and every allegation in Paragraph "42".

43. NJC denies each and every allegation in Paragraph "43".

44. NJC denies each and every allegation in Paragraph "44".

## AMOUNT OF DAMAGES DEMANDED

45. NJC denies Plaintiffs are entitled to compensatory and punitive damages as alleged in Paragraph "45".

46. NJC denies Plaintiffs are entitled to remedies under the FDCPA, including statutory damages, costs and attorney's fees or any other relief sought in Paragraph "46".

47. Defendant denies Plaintiffs are entitled to any relief sought in Paralegal "47".

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

48. NCJ affirmatively pleads that, even if Plaintiffs prove the allegation in their Complaint, which NJC expressly denies, NJC is not liable for any alleged violations of the Federal Debt Collections Practices Act ("FDCPA"). Specifically, FDCPA, Section 1692k(c), exculpates persons who make simple mistakes notwithstanding the use of reasonable procedures adopted to prevent such mistakes. Because of the professional nature of NJC's business, NJC maintains policies, procedures and practices to prevent the kinds of mistakes alleged by Plaintiffs. Any actions taken which could be misconstrued as a violation of the FDCPA was a bona fide mistake, notwithstanding the use of reasonable procedures NJC has adopted to avoid such mistakes. *See 15 U.S.C. § 1692k(c).*

49. NJC affirmatively pleads it is not liable to Plaintiffs because the alleged injuries, harm and/or other damages suffered by Plaintiffs, if any, were directly or proximately caused by the acts of one or more third-parties, for whom NJC has no control or responsibility and is not liable.

50. NJC affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party, and/or non-party for their actions or inactions as they relate to the events made the basis of this lawsuit and to Plaintiffs' claims and alleged damages.

51. NJC is not liable to Plaintiffs because of a mistake.

52. If NJC is found liable, NJC intends to seek a reduction of damages under the proportionate responsibility statute.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **NJC ASSET REPO LLC** prays that Plaintiffs take nothing by this suit and that relief sought by Plaintiffs be denied in all aspects and that Court grant Defendant **NJC ASSET REPO LLC** such other and further relief, in law and in equity, to which it is justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, LLP**

/s/ *Bryan P. Reese*
**BRYAN P. REESE**
State Bar No. 00789791
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-934-9100
972-934-9200 [Fax]

**ATTORNEY FOR DEFENDANT**
**NJC ASSET REPO LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I furnished a copy of this document on July 12, 2021 to all counsel of record via Electronic Filing Procedure.

/s/ *Bryan P. Reese*
**BRYAN P. REESE**